Millard Akins GAY, et al., Plaintiffs-Appellants,

v.

Katherine PHILLIPS, et al., Defendants-Appellees.

Court of Appeals of Tennessee, Eastern Section.

Dec. 30, 1983.

Permission to Appeal Denied by Supreme Court March 26, 1984.

David Siklosi, Athens, for plaintiffs-appellants.

Robert L. McMurray, Larry D. Cantrell, Cleveland, for defendants-appellees.

## OPINION

FRANKS, Judge.

In this declaratory judgment action, the chancellor decreed the proceeds of a certificate of deposit for $17,155.07 to Katherine Phillips. Decedent, Bob Gay, had purchased the certificate of deposit from the City and County Bank of McMinn County, which was payable to Bob Gay or Katherine Phillips. Plaintiffs, certain heirs of the deceased, have appealed, insisting the proceeds are property of the estate of Bob Gay.

Bob Gay was a lifelong bachelor and for many years resided with his brother, Elbert, in the ancestral home in McMinn County. Elbert died in 1975. Bob and Elbert had maintained a savings account in the name of Bob Gay or Elbert Gay with the City and County Bank of McMinn County. Shortly after Elbert's death his name was replaced with Bob's niece, Katherine Phillips. On January 21, 1980, Bob Gay withdrew $10,000.00 from the savings account and purchased a certificate of deposit payable to Bob Gay or Katherine Phillips. At six-months intervals thereafter the certificate was cashed and another purchased in the names of Bob Gay or Katherine Phillips, with interest added and with additional funds being withdrawn from the savings account and added until the purchase of the certificate of deposit in dispute on July 23, 1981, in the amount of $17,-155.07. After Bob Gay's death, Katherine Phillips endorsed this certificate of deposit and received the proceeds from the bank.

Plaintiffs' complaint asserts Katherine Phillips was placed on the certificate of deposit "as a matter of convenience to Bob Gay who was elderly" and, on appeal, they insist the evidence neither establishes a "contract" nor "gift" to Katherine Phillips the survivor, relying on *Simmons v. Foster*, 622 S.W.2d 838 (Tenn.App.1981).

At the conclusion of the evidentiary hearing, the chancellor said:

I suppose, in a case of this nature, a lot of it depends upon what we think the intent of the decedent might have been.

As a matter of fact, I think it's the controlling factor as we have it today.

.    .    .    .    .

Very frankly, I'm of the opinion that he intended to create what he thought was a Right of Survivorship. I think he intended for the property to go to the niece. And that's the way I'm going to rule.

The chancellor recognized and followed the rule applied in *Merchants & Planters Bank v. Myers*, 644 S.W.2d 683 (Tenn.App. 1982); *Buntin v. Meriwether*, 56 Tenn. App. 492, 408 S.W.2d 667 (1966), that the intent of Bob Gay at the time the certificate of deposit was purchased would prevail as to who should receive the proceeds in the event of his death.

■■■ The issue thus becomes whether the evidence preponderates against the factual determination of the chancellor, which is accompanied here with a presumption of correctness.[1] T.R.A.P., Rule 13(d).

The evidence establishes Katherine Phillips' mother died when she was a child and thereafter Katherine spent several years with her grandmother and her uncles, Bob and Elbert, and that her Uncle Bob, in words of one of the witnesses, "thought an awful lot of Katherine". After Katherine married, her husband, Ray, established a good working relationship with her Uncle Bob and assisted Bob in farming and other matters. After Elbert died on May 22,

---

1. Plaintiffs argue that T.C.A., § 66–1–107 creates a presumption that the proceeds should go to the estate of the depositor. The statute is not applicable where the evidence establishes the intent of the depositor. *Jones et al. v. Jones et al.*, 185 Tenn. 586, 206 S.W.2d 801 (1947).

1975, Bob asked Katherine to go with him to the bank to "sign some papers". They went to the bank on June 16, 1975, and Katherine's name was added to the savings account in the place of Elbert. On that occasion, Bob told Katherine that her Uncle Elbert's estate was "in a mess" and he was "fixing" his papers "so that whenever something happens to me, mine will be fixed, and it won't have to go through that mess." The evidence further establishes that in 1972, Bob Gay advised another niece that he was going to make a will and will that niece and Katherine his real estate; however, Bob died intestate. In rebuttal, one of the plaintiffs testified that approximately three weeks before Bob's death he told her that Katherine's name was placed on the certificate as a matter of convenience and he did not intend "for her to have it."

The chancellor rejected the rebuttal testimony when he said:

> He put her name on there so either of them could take it out. There's no proof that there was an intent that she should use this for the convenience of the parties. I think that there was an intent on his part for her to be able to take the money out.

The evidence does not preponderate against the chancellor's determination that Katherine Phillips is entitled to the proceeds of the certificate of deposit. We affirm the judgment of the chancellor with cost incident to the appeal assessed to appellants.

PARROTT, P.J., and SANDERS, J., concur.